NOT RECOMMENDED FOR PUBLICATION
File Name: 12a0646n.06

No. 11-3548

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Jun 19, 2012*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| v. | ) | NORTHERN DISTRICT OF OHIO |
| | ) | |
| DEMETRIUS D. WILSON, | ) | |
| | ) | OPINION |
| Defendant-Appellant. | ) | |
| | ) | |

Before: KEITH, GIBBONS, and DONALD, Circuit Judges.

DONALD, Circuit Judge. Defendant Demetrius D. Wilson was convicted of bank robbery in violation of 18 U.S.C. § 2113(a). He appeals the district court's application of a two-level sentencing enhancement for reckless endangerment during flight, a two-level carjacking enhancement, and a four-level abduction enhancement. For the following reasons, we affirm.

I.

On August 2, 2010, Demetrius D. Wilson committed a bank robbery at a Fifth Third Bank branch in Lima, Ohio. Following the robbery, Wilson exited the bank and attempted to flee. Using what appeared to be a firearm,[1] Wilson forced a taxi driver to drive away from the scene. Witnesses called the police, and officers from the Lima Police Department subsequently located the taxi. Upon spotting the police, Wilson instructed the taxi driver to put the car in reverse and drive backwards.

---

[1] It was later determined that Wilson did not have a firearm but was carrying a BB gun.

Wilson eventually told the taxi driver she was not driving fast enough, stopped the car and pushed the driver out of the vehicle. Wilson took control of the car and continued to drive in reverse at a high rate of speed. A police officer shot at the cab and the bullet went through the windshield and exited the rear tailgate of the vehicle. The taxi cab eventually collided with a fire hydrant. Wilson exited the vehicle and proceeded to flee on foot. He was ultimately apprehended in an unattached garage of an unoccupied home. Wilson subsequently pled guilty to the bank robbery charges.

At the sentencing hearing, FBI Special Agent Craig Shulte testified that he had investigated the bank robbery. Shulte testified that on the day of the robbery, Officer Leland of the Lima Police Department told him that another officer had been standing behind the taxi cab as Wilson was driving backwards. Shulte indicated that he remembered there was some concern over officer safety after the shooting.

Defense counsel objected to Shulte's statements as hearsay. The district court reminded defense counsel that hearsay statements were admissible at sentencing hearings but granted counsel a continuing objection as to the statements.

Based on Shulte's testimony, the district court determined that Wilson's operation of the taxi cab created a substantial risk of death or serious bodily injury. As a result, it applied a two-level sentence enhancement for reckless endangerment during flight. The district court also applied a two-level enhancement for carjacking and a four-level enhancement for abduction. Wilson now appeals the district court's application of the three sentencing enhancements.

II.

We review a district court's sentencing determination for procedural and substantive reasonableness under an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). We accept the district court's findings of fact unless they are clearly erroneous. *United States v. Moon*, 513 F.3d 527, 539-40 (6th Cir. 2008). The district court's legal conclusions are reviewed *de novo*. *Id*. at 540.

A.

Under the Sentencing Guidelines, a sentencing enhancement for reckless endangerment during flight is appropriate where "the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." U.S.S.G. § 3C1.2. We have held that in order for the enhancement to apply, the

> government must show that the defendant (1) recklessly, (2) created a substantial risk of death or serious bodily injury, (3) to another person, (4) in the course of fleeing from a law enforcement officer, (5) and that this conduct occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense.

*United States v. Woods*, 604 F.3d 286, 292-93 (6th Cir. 2010).

The Guidelines define recklessness as "a situation in which the defendant was aware of the risk created by his conduct and the risk was of such a nature and degree that to disregard that risk constituted a gross deviation from the standard of care that a reasonable person would exercise." U.S.S.G. § 2A1.4 cmt. n. 1; U.S.S.G. § 3C1.2 cmt. n.2. The defendant need not cause actual harm to support a finding of reckless endangerment. *United States v. Hazelwood*, 398 F.3d 792, 796 (6th Cir. 2005). "While the question of what constitutes endangerment is a mixed question of law and fact, it is highly fact-based. Therefore, significant deference to the district court is required." *Id*.

Although the act of driving in reverse at a high rate of speed is arguably *inherently* reckless, the district court found that the two-level reckless endangerment enhancement was applicable based on its finding that Wilson drove the getaway vehicle backwards *in the direction of a police officer*. Wilson asserts that the district court erred in applying the enhancement based upon Shulte's inadmissible hearsay. He also argues that he did not create a substantial risk to others when he fled.[2]

We have repeatedly held that sentencing hearings are not subject to the Federal Rules of Evidence. *United States v. Moncivais*, 492 F.3d 652, 658 (6th Cir. 2007); Fed.R.Evid. 1101(d)(3). Hearsay statements are admissible at sentencing. *Moncivais*, 492 F.3d at 658. They must, however, bear "some minimal indicia of reliability" to protect a defendant's right to due process. *United States v. Silverman*, 976 F.2d 1502, 1512 (6th Cir. 1992) (en banc). Evidence that is beyond "mere allegation in an indictment" may be presented as relevant at sentencing. *Id*. at 1504. To successfully challenge hearsay evidence relied upon by the sentencing judge, "the defendant must establish that the challenged evidence is materially false or unreliable, and that such false or unreliable information actually served as the basis for the sentence." *Id*. at 1512.

At the sentencing hearing, Shulte testified that he interviewed witnesses to the robbery and officers from the Lima Police Department who were first on the scene. Shulte then mentioned that Detective Leland of the Lima Police Department told him there was an officer standing behind Wilson's car when another officer fired a shot in Wilson's direction. He also testified that he specifically remembered there was a concern for officer safety after the shot was fired. Thus,

---

[2] The parties do not dispute that Wilson was fleeing from law enforcement after the commission of a bank robbery.

Shulte's investigation yielded evidence that Wilson's act of driving the car in reverse towards an officer while another officer fired a shot in the direction of the car put the officer standing behind the car at risk of death or serious bodily injury.

Wilson fails to show that Shulte's statements were materially false or unreliable. He merely emphasizes their nature as hearsay without any proof of falsity. Additionally, Wilson's argument that he was not reckless because he did not know the officer was standing behind the car is unavailing. The law does not require that Wilson knew the officer was there, it only requires that Wilson was aware of the risk of endangering another person. *See* U.S.S.G. § 2A1.4 cmt. n. 1; *Woods*, 604 F.3d at 292.

Ultimately, the district court chose to credit the testimony of Shulte, and we will uphold a district court's credibility finding absent clear error. *See United States v. Johnston*, 595 F.3d 292, 295 (6th Cir. 2010); *Schroyer v. Frankel*, 197 F.3d 1170, 1173 (6th Cir. 1999) ("When factual findings rest upon credibility determinations, this Court affords great deference to the findings of the district court."). Shulte's hearsay testimony satisfies the "minimum indicia of reliability" requirement of *Silverman*, and thus the district court did not err in finding that the two-level enhancement for reckless endangerment during flight applies.

## B.

Sentencing Guideline § 2B3.1(b)(5) states, "If the offense involved carjacking, increase by 2 levels." Carjacking is defined as the "taking or attempted taking of a motor vehicle from the person or presence of another by force and violence or by intimidation." U.S.S.G. § 2B3.1, cmt. n.1. Guideline § 2B3.1(b)(4)(A) states, "If any person was abducted to facilitate commission of the

offense or to facilitate escape, increase by 4 levels[.]" "'Abducted' means that a victim was forced to accompany an offender to a different location." U.S.S.G. § 1B1.1, cmt. n.1 (A).

Wilson argues that the application of both the carjacking and abduction enhancements amounts to double counting because they occurred with one action. Wilson is incorrect. In attempting to flee from the bank, Wilson threatened the taxi driver with what appeared to be a firearm and instructed her to drive him away. This was a carjacking because he took control of the vehicle by threat of force. It was an abduction because the driver was forced to come along. In *United States v. Freeman*, we held that there was no double counting where an enhancement and conviction arose out of the same conduct but punished different aspects of the defendant's conduct. 640 F.3d 180, 187 (6th Cir. 2011). Wilson's two enhancements clearly punish different aspects of his conduct. Thus, the district court did not err in applying both enhancements.

III.

For the reasons set forth above, we AFFIRM the term of imprisonment imposed by the district court.